Filed 7/28/23  P. v. Findlay CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C097106 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CR20210116, CR20211938, CR20213606) |
| v. | |
| SANDER IAN FINDLAY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Sander Ian Findlay has asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Having conducted this review of the record, we will affirm the judgment.

## I.  BACKGROUND

Defendant was granted probation in three separate cases, case Nos. CR20210116 (first case), CR20211938 (second case), and CR20213606 (third case).

1

In the first case, in July 2021, defendant was convicted of three counts of stalking and one count of disturbing the peace. The trial court suspended imposition of sentence and placed defendant on two years' formal probation. That grant of probation was revoked later that month after defendant committed the offense for which he was convicted in the second case, carrying a concealed dirk or dagger. Following defendant's conviction in the second case, in December 2021, the trial court again granted him probation and reinstated probation in the first case. Later that month, defendant's grant of probation was again revoked after he committed the offense for which he was convicted in the third case, again carrying a concealed dirk or dagger. Following defendant's conviction in the third case, in April 2022, the trial court again granted him probation and reinstated probation in the first and second cases. Probation in the three cases was revoked and reinstated one more time before the probation revocation proceedings at issue in this appeal.

In July 2022, probation violation declarations were filed in the three cases, alleging defendant violated his grant of probation by engaging in disorderly conduct on two separate occasions. A contested probation violation hearing was held the following month. Evidence adduced at the hearing established that on the first occasion, defendant brought a bottle of vodka into a restaurant in Woodland, drank out of the bottle while inside the restaurant, and refused to leave. When police contacted defendant, he was in the parking lot the restaurant shared with other businesses, including a Walmart. Defendant was clearly intoxicated, his belongings were scattered on the ground, and he was gesturing with his hands towards the people who were walking in and out of Walmart, imitating firing a gun at them. On the second occasion, defendant entered the backyard of a family in Davis without permission. He was lying down on a bench in the backyard with one hand in his pants when one of the residents saw him. Defendant then got up and peered into the house before leaving the backyard. He was contacted by police two or three blocks from the house and admitted going into the backyard.

After hearing the evidence, the trial court found with respect to the first occasion that defendant was intoxicated at a public place and unable to care for himself, in violation of Penal Code section 647, subdivision (f). With respect to the second occasion, the trial court found that defendant was loitering, prowling, or wandering upon the property of another without a lawful purpose for being on the property, in violation of Penal Code section 647, subdivision (h), and while doing so, peered into an inhabited dwelling, in violation of subdivision (i) of that section. Based on these probation violations, the trial court revoked defendant's grant of probation in the three cases.

At the subsequent sentencing hearing, the trial court sentenced defendant to the upper term of three years for carrying a concealed dirk or dagger (third case) "based on the circumstances that were proven in aggravation" in that case, plus a consecutive term of eight months (one-third the middle term) for stalking (first case), for a total determinate prison term of three years eight months. The trial court also awarded custody credits, the calculation and breakdown of which need not be recited.

## II. DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

3

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, Acting P. J.

We concur:

/S/

KRAUSE, J.

/S/

BOULWARE EURIE, J.

4